KING, JUSTICE, DISSENTING: ¶ 55. Because insufficient evidence exists to support Ragland’s convictions, I would reverse and render his convictions. I therefore respectfully dissent. • ¶56. Regarding Ragland’s armed robbery charges, the State conceded that Ragland was not the individual who entered and robbed Krystal; instead, it argued that Ragland was an aider and abettor. A person “who is present at the commission of a criminal offense and aids, counsels,, or encourages another in the commission of that offense is an ‘aider and abettor’ and is equally guilty with the principal offender.” Swinford v. State, 653 So.2d 912, 915 (Miss. 1995) (internal quotations omitted). So to convict Ragland for armed robbery, the State had to prove beyond a reasonable doubt that Ragland was .both present at the robbery’s commission and that, he aided, counseled, or encouraged Nichols in the commission of the robbery. ¶57. The State "did produce sufficient evidence that Nichols ' robbed Krystal. Moreover, due to the evidence regarding the short time frame between the robbery and the stop, the State put forth sufficient evidence to support a finding that Nichols did not pick Ragland up after the robbery as Ragland had informed law enforcement. While these facts may be sufficient to establish that Ragland was an accessory after the. fact[3] to the robbery, they are plainly insufficient to establish beyond a reasonable doubt that Ragland aided and abetted Nichols in thq armed robbery. ¶58. The pertinent question here is whether, when the evidence is viewed “in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Cotton v. State, 144 So.3d 137, 142 (Miss. 2014) (internal quotations omitted). The State failed to put forth any evidence of an act it contends Ragland committed to aid, counsel, or encourage the armed robbery. Instead, it asked the jury to speculate that because Ragland was with Nichols after the crime occurred, because some evidence indicated that Ragland may have known about the crime after the crime occurred, and because some evidence existed that Ragland may have helped Nichols after the crime occurred, Ragland therefore must have aided and.abetted Nichols in committing the crime. ¶ 59. The majority argues that the evidence regarding the time it took to get from Krystal to- the apartment complex “lends to a reasonable inference that Rag-land was with Nichols at Krystal at the time of the armed robbery, and before it occurred.” Yet, it is undisputed that Nichols was the lone robber inside the Krystal. At best, this evidence leads to a reasonable inference that Ragland was in the car at the time Nichols robbed Krystal; yet, nothing in that inference shows how Rag-land acted to aid, counsel, or encourage the armed robbery. Indeed, nothing in that inference shows that Ragland even had knowledge that Nichols intended to commit the robbery before it occurred. For example, Nichols’s revolver could have easily been concealed from Ragland before the robbery. Yet, the majority would convict a person simply for an inference that, shortly before a crime, the person was in the presence of someone else who committed that crime. The majority also points to the evidence in the car and that latex gloves were found on Ragland’s person as evidence that he planned to participate in the armed robbery. The evidence in the car consisted of the proceeds of the robbery and items that could have easily been concealed from Ragland prior to the robbery. Thus, at best, the evidence in the car leads to an inference that Ragland knew of the robbery after it occurred. But nothing about this evidence points to how Ragland acted to aid, counsel, or encourage the armed robbery, or that he even knew it was going to occur. The latex gloves likewise could easily have been given to Rag-land after the robbery in case he handled its proceeds. And in any event, finding latex gloves on the person of a custodian, standing alone, is hardly sufficient evidence to convict Ragland of armed robbery and conspiracy. ¶ 60. “In circumstantial evidence cases, the State is required to prove the defendant’s guilt not only beyond a reasonable doubt, but to the exclusion of every reasonable hypothesis consistent with - innocence.” McRee v. State, 732 So.2d 246, 250 (Miss. 1999). As the majority admits, this case is “predicated wholly on circumstantial evidence.” Maj. Op. at ¶ 25. This evidence, namely -that items indicating the completion of a crime were in Ragland’s line of sight and that the timeline of events indicates that Ragland was likely with' Nichols before the robbery, is plainly not sufficient to exclude every reasonable hypothesis consistent with innocence. One reasonable hypothesis consistent with innocence for the crimes charged is that Ragland became aware that Nichols committed a robbery only after the completion of the robbery. “This evidence viewed in the light more favorable to the State[] gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged.” Id. (internal quotations omitted). “Thus, a reasonable jury must necessarily have entertained a reasonable doubt.” Id. (internal quotations and alterations omitted). The evidence was therefore insufficient to convict Ragland of armed robbery as an aider and abettor. . ¶ 61. Nor was the evidence sufficient to convict Ragland of conspiracy to commit armed robbery, which required the State to prove beyond a reasonable doubt that Ragland entered into an agreement to commit the armed robbery. See Miss. Code Ann. § 97-1-1 (Rev.. 2014). In the same way that the State failed to show any act Ragland committed to aid or abet the armed robbery, it likewise failed to introduce evidence that Ragland agreed to anything, except perhaps to Nichols’s flight after the crime. ¶ 62. Because the State’s evidence was woefully insufficient to convict Ragland of armed robbery or conspiracy to commit armed robbery, I would reverse and render his convictions. KITCHENS, P.J., JOINS THIS OPINION." . Ragland was not charged with accessory after the fact. See Miss. Code Ann. § 97—1—5 (Rev. 2014).